Filed 9/25/23  P. v. Coleman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092416 |
| Plaintiff and Respondent, | (Super. Ct. No. CR118468) |
| v. | |
| ROOSEVELT JERMAINE COLEMAN III, | |
| Defendant and Appellant. | |

Defendant Roosevelt Jermaine Coleman III appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appointed counsel filed an opening brief that asked this court to review the record and determine whether any

---

[1]    Defendant filed his petition under former section 1170.95.  Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1170.95 effective January 1, 2022.  (Stats. 2021, ch. 551).  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  This opinion refers to section 1172.6.

1

arguable issues exist on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) We dismissed the appeal, and our Supreme Court transferred the case back to us with directions to vacate our prior decision and reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216.

After we vacated our decision, we notified defendant on June 30, 2023, that: (1) counsel had filed a brief stating that counsel had found no arguable issues; (2) as a case from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) defendant had 30 days to file a supplemental brief or letter; and (4) if we did not receive a brief or letter within the 30 days, we may dismiss the appeal as abandoned. More than 30 days have elapsed and we did not receive timely communication from defendant.[2]

---

[2]     Defendant submitted a supplemental brief after the 30-day deadline had expired. This court did not grant defendant leave to file the late supplemental brief because defendant's proposed supplemental brief did not raise any claims but rather asked the court to conduct a *Wende* review to which he was not entitled under *Delgadillo* and he never sought an extension of time to file his supplemental brief.

## DISPOSITION

The appeal is dismissed.

/s/

MESIWALA, J.

We concur:

/s/

EARL, P. J.

/s/

KEITHLEY, J.*

---

\*     Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.